HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGARET BROWNING

          Plaintiff,

          v.

24 HOUR FITNESS, INC.

          Defendant.

Case No. C05-5732 RBL

ORDER COMPELLING ARBITRATION

      This matter is before the court on the Defendant 24 Hour Fitness' Motion to Dismiss or to Compel Arbitration. [Dkt. #5]   Plaintiff Browning is a former 24 Hour Fitness employee.  She sued, claiming that 24 Hour Fitness discriminated against her on the basis of age and/or gender, and that it unlawfully retaliated against her.  Browning's Complaint asserted federal claims, and was removed to this court.

      24 Hour Fitness' employee handbook at all times continued an arbitration policy.  Defendant 24 Hour Fitness now seeks to enforce that policy, asking this court to dismiss Plaintiff's complaint or, alternatively, to compel arbitration pursuant to the Employee Handbook.

      Plaintiff resists, arguing that the Employee Handbook is not an enforceable contract, that the ADEA as amended prohibits pre-dispute waivers of the right to a jury trial, and that the arbitration provision is unconscionable.  For the reasons that follow, the Defendant's Motion is GRANTED, and this matter is referred to arbitration.

**1.      The Provision.**

      The arbitration provision at issue is contained in the Employee Handbook that Browning received and

signed upon commencement of her employment, in 2000.[1]  It provided in relevant part:

> As an expeditious and economical way to settle employment disputes without the need to go through the courts, 24 Hour Fitness agrees and requires its employees to submit such disputes to final and binding arbitration. . . .

> If any dispute arises from or relates to your employment with 24 Hour fitness or the termination of your employment, you and 24 Hour Fitness agree that both will submit it exclusively to final arbitration[.] . . .

> 24 Hour Fitness' Arbitration Disputes Policy outlines a method of resolution that is intended to be fair and impartial. . . . Attached you will find an update of that Arbitration of Disputes Policy. It applies to you[.]

> It is not disputed that Browning received this Handbook and the arbitration policy (as updated).

## 2.   The Enforceability of the Employee Handbook as a Contract.

Plaintiff's first argument is that arbitration policy is not part of an enforceable contract.  This argument is based primarily on the contention that the Handbook contains the phrase "nor is this handbook a contract of employment."  Thus, it argues, by the Handbook's very terms it is not intended to be and should not be construed as contractual in nature.

The flaw in this argument is that the phrase quoted is not complete.  The phrase in full states "nor is this handbook a contract of employment for a specified length of time."  This language was clearly intended to emphasize that though contractual in nature, the employment was "at will" and not for a term. This does not mean that there was not an agreement between the parties.

In Washington, as in many jurisdictions, an Employee Handbook can create a contract between the parties.  *See*, for example, *Gagliardi v Denny's Restaurants, Inc.*,117 Wn.2d 426, 815 p.2d 1362 (1991).  Plaintiff concedes this point, but argues that the "contract" at issue here is not enforceable, at least as to the arbitration provision.  She argues first that the provision is not supported by consideration because the arbitration policy could be (and was) unilaterally altered by the employer.  See *Dujais v. Am. Golf Corp.*, 299 F.3d 1216 (10th Cir. 2002).

As an initial matter, the agreement to arbitrate itself was supported by consideration.  Plaintiff accepted

---

[1]The Handbook provided that it could be revised at the employer's will, and it was revised in 2001.

1  the offer of employment with the arbitration provision as part of that offer.    Additionally, Defendant also
2  agreed to arbitrate any claims falling within the arbitration provision.

3  Furthermore, the fact that the Handbook permitted Defendant to unilaterally change the policies
4  contained therein, including the arbitration provision, does not lead to the conclusion that the contract lacked
5  consideration or that it is illusory.    As the Handbook provided, the changes were made after notice to the
6  affected employees, and the employer followed up in writing informing the employees of the change and to
7  ensure that they received a copy of the revised policy.    Plaintiff did not allege then or now that she did not
8  receive the policy, and continued to work under it for approximately three years prior to the events leading to
9  this dispute.    As the Defendant argues, the cases holding that a contract did not exist involve revisions without
10  notice, and Handbooks that (unlike the one at issue here) expressly provided that they were not contractual
11  in nature.    *Cf. Dumais, supra.*    This case is instead squarely within the holding of *Gagliardi*, *supra*, that
12  unilateral changes to a contractual handbook, made with notice, are enforceable.

13  Plaintiff's claim that the contract is not enforceable on these bases is incorrect.

14  **3.    Pre-Dispute waiver of Judicial Remedies.**

15  Plaintiff's second response to the Defendant's Motion is that the provisions of the Older Workers
16  Benefits Protection Act (OWBPA, 29 U.S.C. §626(f)(1)(C) prohibit the pre-dispute waiver of rights and
17  claims.    It argues that pre-dis0pute waivers are not "knowing and voluntary," and that the waiver of the right
18  to a jury trial is the sort of right that cannot be waived.

19  There is no 9th Circuit opinion directly on point.    There is, to some extent, a split of authority as to
20  whether the OWBPA's prohibition on pre-dispute waivers applies to procedural (as opposed to substantive)
21  rights such as the right to a jury trial.

22  A District Court opinion from the Southern District of California, *Theile v. Merrill Lynch, Pierce,*
23  *Fenner & Smith,* 59 F.Supp.2d 1060 (S.D. Cal 1999), and one from the Eastern District of Virginia,
24  *Hammaker v. Brown & Brown*, 214 F.Supp.2d 575 (E.D.Va. 2002) hold that pre-dispute waivers of the right
25  to a jury trial (in the form of arbitration agreements) are not enforceable under the OWBPA.

26  On the other hand, several Circuit Court opinions hold the opposite, that waivers of *procedural* rights
27  are not prohibited.    See *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith,* 170 F.3d 1, 13 (3rd Cir. 1999);
28  *Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175 (3rd Cir. 1998); and *Williams v. Cigna Financial Advisors,*

1  *Inc.*, 56 F.3d 656 (5th Cir. 1995)(OWPBA protects against waiver of claim, not forum).

2  These latter cases are supported by the Supreme Court's opinion in *Gilmer v. Interstate/Johnson Lane*

3  *Corp.*, 500 U.S. 20 (1991), holding that the Age Discrimination in Employment Act (ADEA, 29 U.S.C. §621

4  *et seq.*) were subject to arbitration.  The OWBPA amended the ADEA in 1990.  The court agrees with the

5  analysis of Gilbert and the above cases and concludes that the ADEA as amended does not prohibit the

6  arbitration of age discrimination cases under it.  The anti-waiver provisions apply to substantive rights, or

7  claims, and not to the choice of forum.  Plaintiff's claim that the ADEA as amended prohibits enforcement of

8  the arbitration provision is also incorrect.

9  **4.      Unconscionability.**

10  Plaintiff's final attack is that the arbitration provision's limitations period is unconscionable because

11  it does not specifically permit the application of equitable tolling principles.  She *cites Circuit City Stores, Inc.*

12  *v. Adams*, 279 F.3d 889, 894 (9th Cir. 2002) and *Adler v. Fred Lind Manor* 153 Wn.2d 331 (2004) for this

13  proposition.  However, those cases found unconscionability where the arbitration provision included a

14  limitations period far shorter than would be applied absent the agreement.  Neither addressed a case where,

15  as here, the limitations periods are the same, and neither addressed the applicability of equitable tolling as a

16  factor in the unconscionability analysis.  The Plaintiff has not established that the arbitration provision here is

17  unconscionable.

18  Therefore, it is hereby ORDERED

19  1.      The Defendant's Motion [Dkt. #5] is GRANTED;

20  2.       The Court hereby Orders that the matter shall be ARBITRATED pursuant to the terms of the

21  Employee Handbook's arbitration provision; and

22  3.      The Court shall retain jurisdiction over this matter pending resolution of the arbitration, and

23  to address any post-arbitration proceedings.

24  ///

25  //

26  /

27

28  The Clerk shall send uncertified copies of this Order to all counsel of record and to any party appearing pro

1  se at that party's last known address.

2

3       IT IS SO ORDERED this 19th day of January, 2006.

4                                            _____

5                                    RONALD B. LEIGHTON
                                  UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 5